■ DEMETRIA MARTINEZ, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Determination of the State Human Rights Appeal Board dated March 16, 1977, and an order of the Commissioner of the State Division of Human Rights dated August 11, 1975, which, after a hearing, had dismissed petitioner's complaint of discrimination on the basis of national origin, annulled, on the law, without costs and without disbursements, and the matter remanded to the State division for further consideration consistent herewith. While it is true that there was no discrimination in the past, the fact remains that on this record, the petitioner was denied the apartment because she speaks only Spanish; and that is an impermissible basis for a determination that she is not qualified for occupancy in the public housing unit in question. (Cf. *Briscoe v Bell*, 432 US 404.) Concur—Kupferman, Birns and Capozzoli, JJ.; Murphy, P. J., and Lupiano, J., dissent in a memorandum by Murphy, P. J., as follows: We would confirm the dismissal of petitioner's complaint pursuant to section 296 of the Executive Law, resting solely on the claim of discrimination because of her Puerto Rican national origin. Substantial evidence fully supports the determination. Not only was it established that numerous tenants of that national origin reside in the building, but also that a rational need exists for the tenants to be able to read and speak English. Discrimination on the basis of a tenant's language ability, per se, is not the equivalent of discrimination on the basis of national origin. The first basis is not proscribed under subdivision 2-a of section 296 of the Executive Law. (Cf. Executive Law, § 296, subd 5, pars [a], [c].) (Compare *Matter of State Comm. for Human Rights v Kennelly*, 30 AD2d 310, affd 23 NY2d 722.)